UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARCIA L. HEINECK-POLIZZI,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____



**DECISION AND ORDER**

1:18-CV-01445 EAW

## INTRODUCTION

Represented by counsel, Plaintiff Marcia L. Heineck-Polizzi ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 6; Dkt. 11), and Plaintiff's reply (Dkt. 13). For the reasons discussed below, Plaintiff's motion (Dkt. 6) is granted, the Commissioner's motion (Dkt. 11) is denied, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed her application for SSI on December 31, 2014. (Dkt. 5 at 85).[1] In her application, Plaintiff alleged disability beginning April 7, 2007, due to the following impairments: arthritis; fibromyalgia; bipolar disorder; social anxiety; diabetes type II; OCD; osteoarthritis; high blood pressure; GERD; high cholesterol; chronic back and neck pain; heel spurs; carpal tunnel in her right wrist; and dizzy spells. (*Id.* at 74-75). Plaintiff's application was initially denied on May 27, 2015. (*Id.* at 86-89). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Lynette Gohr in Buffalo, New York, on July 14, 2017. (*Id.* at 31-73). At the hearing, Plaintiff amended her alleged onset date to December 31, 2014, the date of her application. (*Id.* at 15). On September 27, 2017, the ALJ issued an unfavorable decision. (*Id.* at 12-26). Plaintiff requested Appeals Council review; her request was denied on October 11, 2018, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-7). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera*

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

*v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or

combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* § 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined

that Plaintiff had not engaged in substantial gainful work activity since December 31, 2014, the application date. (Dkt. 5 at 17).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "low back degenerative disc disease; morbid obesity; anxiety and depression." (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of diabetes mellitus and hypertension were non-severe. (*Id.* at 17-18). With respect to Plaintiff's representations that she suffered from arthritis and neck pain, the ALJ concluded that these were not medically determinable impairments. (*Id.* at 18). The ALJ also found that Plaintiff's fibromyalgia "d[id] not meet the requirements" of Social Security Ruling ("SSR") 12-2p. (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.*). The ALJ particularly considered the criteria of Listings 1.04, 12.04, and 12.06 in reaching her conclusion, as well as considering the effect of Plaintiff's obesity as required by SSR 02-1p. (*Id.* at 18-19).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), with the additional limitations that Plaintiff:

> can stand and walk 4 hours out of an 8-hour workday; can sit 4 hours out of an 8-hour workday; can occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds and can occasionally stoop, kneel, crouch and crawl. In addition, the claimant is limited to simple routine tasks; limited to simple work-related decisions; minimal changes in work routines and processes and frequent interaction with supervisors, co-workers and the public.

(*Id.* at 19-20). At step four, the ALJ found that Plaintiff had no past relevant work. (*Id.* at 25).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of cashier, storage facility clerk, and merchandise marker. (*Id.* at 25-26). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 26).

## II. Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing: (1) the ALJ did not properly evaluate Plaintiff's fibromyalgia at step two of the sequential analysis; (2) the ALJ did not properly evaluate the opinions offered by Plaintiff's treating nurse practitioner, PMHNP-BC Elizabeth Ostrom; and (3) the ALJ did not properly evaluate the opinion of consultative examiner Hongbiao Liu, M.D., and substituted her own judgment in determining Plaintiff's RFC. (Dkt. 6-1). The Court has considered each of these arguments and, for the reasons discussed below, finds that the ALJ erred in her evaluation of Plaintiff's fibromyalgia at step two of the disability analysis, and that this error necessitates remand for further administrative proceedings.

### A. Evaluation of Plaintiff's Fibromyalgia

Plaintiff contends that the ALJ did not adequately explain why the requirements of SSR 12-2p were not met as applied to Plaintiff's fibromyalgia. (Dkt. 6-1 at 12). At step two of her analysis, the ALJ found that Plaintiff had the severe impairments of low back

degenerative disc disease, morbid obesity, anxiety, and depression. (Dkt. 5 at 17). The ALJ also stated that she "considered [Plaintiff's] fibromyalgia under Social Security Ruling 12-2p and f[ound] that [Plaintiff] d[id] not meet the requirements." (*Id.* at 18). The ALJ did not provide any further explanation for her determination regarding Plaintiff's fibromyalgia.

Plaintiff points to evidence in the record that the ALJ failed to discuss, including diagnoses of fibromyalgia by two doctors and Bridget Vaccaro, FNP, as well as a medical source statement offered by FNP Vaccaro, confirming that Plaintiff had a history of widespread pain for three or more months, and pain in 11 or more pressure points. (Dkt. 6-1 at 13-14). Plaintiff argues that given this evidence, the ALJ was required to explain why she found that Plaintiff's fibromyalgia did not qualify as a severe impairment, rather than offer only a cursory explanation. (*Id.* at 14). In response, Defendant argues that at the administrative hearing, Plaintiff's non-attorney representative stated that Plaintiff's fibromyalgia did not meet the requirements of the SSR. (Dkt. 11-1 at 14-15). Defendant also contends that the record lacks evidence from a physician that the requirements of SSR 12-2p were met. (*Id.* at 15).

At step two of the disability analysis, the ALJ determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). "The following are examples of 'basic work activities': 'walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling . . . seeing, hearing, and speaking . . . [u]nderstanding, carrying out, and

remembering simple instructions . . . [u]se of judgment . . . [r]esponding appropriately to supervision, co-workers and usual work situations.'" *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (citation omitted), *adopted*, 32 F. Supp. 3d 253 (N.D.N.Y. 2012).

"The claimant bears the burden of presenting evidence establishing severity." *Id.* Step two's "severity" requirement is *de minimis* and is meant only to screen out the weakest of claims. *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). However, despite this lenient standard, the "'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition 'severe.'" *Taylor*, 32 F. Supp. 3d at 265 (quoting *Coleman v. Shalala*, 895 F. Supp. 50, 53 (S.D.N.Y. 1995)). Rather, "to be considered severe, an impairment or combination of impairments must cause 'more than minimal limitations in [a claimant's] ability to perform work-related functions.'" *Windom v. Berryhill*, No. 6:17-cv-06720-MAT, 2018 U.S. Dist. LEXIS 176372, at *7 (W.D.N.Y. Oct. 14, 2018) (quoting *Donahue v. Colvin*, No. 6:17-CV-06838(MAT), 2018 U.S. Dist. LEXIS 87554, at *15 (W.D.N.Y. May 24, 2018)) (alteration in original).

Social Security Ruling ("SSR") 12-2p sets forth the following requirements for finding that fibromyalgia is a medically determinable impairment: (1) a physician has diagnosed fibromyalgia; (2) the physician has provided evidence described either by the 1990 American College of Rheumatology (ACR) criteria or the 2010 ACR Preliminary Diagnostic Criteria; and (3) the physician's "diagnosis is not inconsistent with other evidence in the person's case record." SSR 12-2p, 2012 WL 3104869, at *2 (July 25, 2012); *see also Casselbury v. Colvin*, 90 F. Supp. 3d 81, 93 (W.D.N.Y. 2015). Regarding

the second requirement, the 1990 ACR criteria includes: (1) a history of widespread pain, (2) at least 11 positive tender points on physical examination; and (3) evidence that other disorders that could cause the symptoms or signs were excluded. SSR 12-2p, 2012 WL 3104869, at *2-3. The 2010 ACR criteria includes: (1) a history of widespread pain; (2) repeated manifestations of six or more fibromyalgia symptoms; and (3) evidence that other disorders that could cause these symptoms were excluded. *Id.* at *3. Here, two physicians diagnosed Plaintiff with fibromyalgia. (*See* Dkt. 5 at 331 (in April 2015, Dr. Lui listing diagnosis of "arthritis and fibromyalgia"), *id.* at 430 (in September 2016, Jon C. Kucera, M.D., diagnosing fibromyalgia, and noting Plaintiff's appointment for trigger point injections)). Accordingly, the first requirement of SSR 12-2 is met.

However, as argued by Defendant, neither of these physicians provided affirmative statements that Plaintiff meets the ACR criteria for fibromyalgia. Rather, Bridget Vaccaro, FNP, offered a medical source statement regarding Plaintiff's fibromyalgia. (*Id.* at 439). Pursuant to SSR 12-2p, FNP Vaccaro is not qualified to provide such evidence, at least in connection with the step two analysis. *See* SSR 12-2p, 2012 WL 3104869, at *2 ("A licensed physician (a medical or osteopathic doctor) is the only acceptable medical source who can provide such evidence. We cannot rely upon the physician's diagnosis alone."). However, SSR 12-2p also provides that "[i]n cases involving [fibromyalgia] . . . we will make every reasonable effort to obtain all available, relevant evidence to ensure appropriate and thorough evaluation." *Id.* at *3. SSR 12-2p also states that "other sources evidence,"

such as the statement provided by FNP Vaccaro, is important in evaluating the severity and functional effects of a person's fibromyalgia. *Id.* at *4.

In assessing Plaintiff's RFC, the ALJ discussed the evidence offered by FNP Vaccaro. (Dkt. 5 at 20, 22 (FNP Vaccaro treats Plaintiff for fibromyalgia, and "furnished a medical source statement on January 27, 2017, wherein she opined the claimant had history of widespread pain for three or more months; pain in 11 or more pressure points; sleep disturbance; chronic fatigue and inability to ambulate effectively. . . .")). The ALJ gave "little weight" to FNP Vaccaro's opinion, as she "is not considered an acceptable medical source," and her assessed functional limitations (Plaintiff's ability to work, stand, sit, lift, bend, stoop, and raise her arms) were noted to be "per patient." (*Id.* at 24; *see also id.* at 439). The ALJ did not discuss why she apparently failed to credit FNP Vaccaro's findings that Plaintiff had a history of widespread pain for three or more months, pain in 11 or more pressure points, sleep disturbance, chronic fatigue, and an inability to ambulate effectively, all of which are plainly relevant to the ACR criteria for fibromyalgia.

The Court has reviewed the medical source statement offered by FNP Vaccaro, as well as other evidence in the record, including that Plaintiff received trigger point injections (*see id.* at 20, 22, 24), and experienced widespread pain on an ongoing basis. (*See, e.g., id.* at 425-27 (in October 2016, FNP Schuler assessing that Plaintiff presented with fibromyalgia, experienced back and muscle pain, and had bilateral paraspinal tenderness with trigger points identified at C5-7, upper lateral trapezius muscle areas, and L5-S1 trapezius muscle areas, with decreased range of motion in those areas); *id.* at 422-24 (in December 2016, FNP Vaccaro noting that Plaintiff: presented with fibromyalgia; felt pain

in all muscles, bruised, and sore; and had back pain, muscle pain, and myalgia)). The Court has also considered the April 2015 internal medicine examination by Dr. Liu, who noted that Plaintiff has a "[h]istory of arthritis and fibromyalgia for more than 30 years," and on examination, found that Plaintiff had "at least 11 trigger points in the neck and back area." (*Id.* at 328, 330). The ALJ apparently gave "significant weight" to Dr. Liu's opinion regarding Plaintiff's functional limitations because it was based on an examination and consistent with the record as a whole, but she did not discuss his findings regarding Plaintiff's trigger points. (*Id.* at 24). Dr. Liu's findings are consistent with those of FNP Vaccaro, who also found that Plaintiff had a history of widespread pain and pain in 11 or more pressure points. (*Id.* at 439).

Despite this evidence, in considering Plaintiff's impairments at step two of the sequential analysis, the ALJ provided only the conclusory statement that Plaintiff's fibromyalgia did not meet the requirements of SSR 12-2p. As a result, the Court is unable to meaningfully review the ALJ's step two determination, and her failure to provide any explanation was error. *See Diaz v. Commissioner*, No. 18-CV-6224P, 2019 WL 2401593, at *4 (W.D.N.Y. June 7, 2019) (remand required for further consideration of the plaintiff's fibromyalgia, where the ALJ made conclusory findings at step two of the disability analysis and the Court was "unable to meaningfully review the ALJ's reasoning that [the plaintiff's] diagnosed fibromyalgia was not a medically determinable impairment according to the guidance detailed in SSR 12-2p.").

Defendant contends that while the record contains statements by FNP Vaccaro evaluating Plaintiff's fibromyalgia, it does not contain similar evidence from a physician,

in all muscles, bruised, and sore; and had back pain, muscle pain, and myalgia)). The Court has also considered the April 2015 internal medicine examination by Dr. Liu, who noted that Plaintiff has a "[h]istory of arthritis and fibromyalgia for more than 30 years," and on examination, found that Plaintiff had "at least 11 trigger points in the neck and back area." (*Id.* at 328, 330). The ALJ apparently gave "significant weight" to Dr. Liu's opinion regarding Plaintiff's functional limitations because it was based on an examination and consistent with the record as a whole, but she did not discuss his findings regarding Plaintiff's trigger points. (*Id.* at 24). Dr. Liu's findings are consistent with those of FNP Vaccaro, who also found that Plaintiff had a history of widespread pain and pain in 11 or more pressure points. (*Id.* at 439).

Despite this evidence, in considering Plaintiff's impairments at step two of the sequential analysis, the ALJ provided only the conclusory statement that Plaintiff's fibromyalgia did not meet the requirements of SSR 12-2p. As a result, the Court is unable to meaningfully review the ALJ's step two determination, and her failure to provide any explanation was error. *See Diaz v. Commissioner*, No. 18-CV-6224P, 2019 WL 2401593, at *4 (W.D.N.Y. June 7, 2019) (remand required for further consideration of the plaintiff's fibromyalgia, where the ALJ made conclusory findings at step two of the disability analysis and the Court was "unable to meaningfully review the ALJ's reasoning that [the plaintiff's] diagnosed fibromyalgia was not a medically determinable impairment according to the guidance detailed in SSR 12-2p.").

Defendant contends that while the record contains statements by FNP Vaccaro evaluating Plaintiff's fibromyalgia, it does not contain similar evidence from a physician,

as required by SSR 12-2p. This does not excuse the ALJ's failure to offer an adequate explanation as to why she found that Plaintiff's fibromyalgia did not meet the requirements of SSR 12-2p. "Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). "This duty exists even when the claimant is represented by counsel or . . . by a paralegal." *Id.* To that end, rather than reject Plaintiff's fibromyalgia diagnoses without an explanation, given the aforementioned evidence in the record, the ALJ should have further developed the record to obtain a medical source statement from a physician, offering evidence relevant to the requirements of SSR 12-2p. *See Cooper v. Commissioner*, No. 17-CV-1058-MJR, 2019 WL 1109573, at *4 (W.D.N.Y. Mar. 11, 2019) (where the ALJ acknowledged that the plaintiff's physicians diagnosed her with fibromyalgia, but concluded that the record, "while reflecting tender points at times, otherwise lack[ed] 'sufficient detail,'" remanding for further development of the record relating to the plaintiff's fibromyalgia, because SSR 12-2p "directs an ALJ to take additional steps, such as recontacting the claimant's treating physicians, when the record lacks adequate information to determine whether the claimant has a medically determinable impairment of fibromyalgia."). As noted above, SSR 12-2p specifically provides that the SSA will "make every reasonable effort to obtain all available, relevant evidence to ensure appropriate and thorough evaluation." SSR 12-2p, 2012 WL 3104869, at *3.

In sum, the record contains evidence from various sources relevant to the assessment of Plaintiff's diagnosed fibromyalgia under SSR 12-2p. Rather than discuss this evidence,

the ALJ offered the conclusory statement that Plaintiff's fibromyalgia did not meet the requirements of SSR 12-2p. As a result, the Court is unable to meaningfully review the ALJ's reasoning that Plaintiff's fibromyalgia was not a medically determinable impairment. Accordingly, remand is required. On remand, the ALJ is directed to adequately consider whether Plaintiff's fibromyalgia meets the requirements of SSR 12-2p, and explain her reasoning for her conclusion. Further, the ALJ is directed to ensure that the record is complete as to Plaintiff's fibromyalgia, so that she can make a well-informed determination, including by obtaining evidence from a physician, in compliance with SSR 12-2p.

### B.  Plaintiff's Remaining Arguments

As set forth above, Plaintiff has identified additional reasons why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 U.S. Dist. LEXIS 165592, at *32 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 U.S. Dist. LEXIS 58236, at *80 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 U.S. Dist. LEXIS 58203 (S.D.N.Y. May 4, 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 6) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Dkt. 11) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 18, 2020
       Rochester, New York